GEROCK v. TELEGRAPH COMPANY.

(Filed September 11, 1906).

*Telegraphs—Mental Anguish—Evidence.*

1. Where the *feme* plaintiff telegraphed her husband, "Sick with grippe— not dangerous. Want you to come," and there was evidence that by reason of the defendant's negligent delay in the delivery of the telegram, her husband was delayed two days in reaching her bedside, by reason of which delay she underwent great mental anxiety, the Court erred in dismissing the action on a demurrer to the evidence.

2. On a demurrer to the evidence, the evidence of the plaintiff must be taken as true, and with the most favorable inferences the jury would be authorized to draw from it in his favor.

CONNOR and BROWN, JJ., dissenting.

ACTION by India B. Gerock and M. O. Gerock, her husband, against Western Union Telegraph Company, heard by *Judge T. J. Shaw* and a jury, at the May Term, 1906, of the

Superior Court of BERTIE. From a judgment of nonsuit, the plaintiff appealed.

*St. Leon Scull* for the plaintiff.

*Winston & Matthews, F. H. Busbee & Son* and *George Cowper* for the defendant.

CLARK, C. J. The *feme* plaintiff telegraphed her husband: "Sick with grippe—not dangerous. Want you to come." There is evidence that by reason of the defendant's negligent delay in the delivery of the telegram her husband was delayed two days in reaching her bedside, by reason of which delay she underwent great mental anxiety and suffering. The Court dismissed the action on a demurrer to the evidence.

The defendant contends that, though this was a message concerning illness, the words "not dangerous" gave the company notice that it was not urgent, and it could take its leisure in delivering it, without any responsibility for the delay. But the words "not dangerous" could by no reasonable construction be taken as meaning that grippe was not dangerous. The message on its face meant that the wife's condition was not dangerous at the time of sending the dispatch, but the nature of the disease and the fact that the information was sent by the more expensive and speedy medium of a telegram, instead of by letter, were enough to show apprehension and that the husband's presence was needed. Indeed, the message expressly adds: "Want you to come." The fact that the husband did not come promptly after such message from his sick wife, and the lack of the comfort of his society and care in her illness, may well have caused her mental anguish; and if such delay was due to the negligence of the defendant, who offers its services to the public for the speedy transmission of messages and received pay to transmit this message quickly, then what would be just compensation for the mental anguish caused by its negligence or whether any

compensation should be given the plaintiff beyond the cost of the message, is a matter for the jury to determine, subject to the supervisory power of the trial Court to set the verdict aside if excessive. This has been too often held, and the underlying public policy which requires the enforcement of damages for neglect in the delivery of messages concerning sickness or death, has been too often stated by this Court to require repetition.

It is not contended by the defendant that there was no evidence of negligent delay in the delivery of the message. The message was delivered to the defendant's agent at Ahoskie, N. C., about noon on 2 February, and it was agreed that it was received at its destination, Maysville, N. C., at 4:27 P. M., that day. It was sent "Care of Charles F. Gerock" (the brother of the sendee), who testified that his shop was in Maysville, in 150 to 200 yards of the defendant's office and in full sight of it; that he was at his shop all that day, except for five or ten minutes, when he went to the post-office, until 5:30 P. M., when he left for home, three miles out in the country; that he did not receive the dispatch that afternoon, nor until next day about 10 A. M., when it was handed him in a sealed envelope in the street, without any intimation that it concerned sickness or was important; that had he received it before 5:30 P. M. on 2 February he would have given it to his brother that night, and even if he had been informed when it was handed him next day that it was of a serious nature, he would have sent it out to his brother at once; that not knowing this, he did not deliver the telegram till he got home that night about 7 o'clock.

M. O. Gerock, the sendee, testified that if he had received the telegram, 7 P. M. on 2 February, when his brother got home (as he would if the dispatch received at Maysville at 4:27 P. M. had been delivered to his brother before he left there at 5:30), the weather was good, and he would have driven to New Bern, have taken the train and have gotten

home Friday at 4:41 P. M., 3 February; that not getting it until 7 P. M. on 3 February, when it was then snowing, he could not drive to New Bern, but had to wait till the train passed next day at Maysville, and did not get home till 5 P. M. on Sunday—two days later than he would have done had the telegram been delivered on the afternoon of 2 February, as it should have been. The *feme* plaintiff testified that after sending the telegram to her husband that she had grippe and wanted him to come, she expected him certainly on Friday afternoon, and that his delay to come till Sunday afternoon caused her great anxiety and mental suffering, causing also a nervous chill.

It is not necessary to set out the evidence in full. On a demurrer to the evidence, the evidence of the plaintiff must be taken as true, and with the most favorable inferences the jury would be authorized to draw from it in his favor. It is clear from this evidence, taken as true, that the *feme* plaintiff sent a telegram to her husband that she was ill with grippe, and stating that she wanted him to come home; that there was such negligent delay in the delivery of this telegram that it caused the husband to get home two days later than he would have done if the telegram had been delivered within the time it should have been, with reasonable diligence, and that by reason of such delay the *feme* plaintiff suffered great mental anguish.

It may be that upon the coming in of the defendant's evidence the jury may draw a totally different inference as to the truth of the occurrence; but upon the uncontradicted evidence for the plaintiff the Court could not hold, as a proposition of law, that the plaintiff has not suffered any legal wrong. The negligent delay and the mental suffering are in evidence, and the wifely solicitude in calming her husband's anxiety by stating that she was not then dangerously ill, did not authorize the defendant to deliver the telegram at its leisure, nor does it negative the evidence of the mental suffer-

ing of the *feme* plaintiff, as the natural consequence of her husband being unaccountably (to her) delayed two whole days after she had a right to expect him, in response to her summoning him home by telegram to her sick bedside, and her being deprived of the comfort of his society and care in time of illness.

New Trial.

CONNOR and BROWN, JJ., dissenting.