* BROWN, J., took no part in the decision of this case.
This action was brought to recover damages for negligently failing to transmit and deliver a telegram addressed by the plaintiff to her husband at Greensboro, N.C. The message was dated 20 June, 1905, and was as follows: "Baby very sick. Come at once." She also, at the same time, wrote him a letter, to which he replied on the 21st in a telegram: "Letter received. How is the baby this morning? Could you bring him away tomorrow? I could meet you at Selma." She then attempted to send to her husband, at Greensboro, the telegram in question, which was as follows: "Cannot leave. Doctor says baby no better. Come home immediately." The telegrams to Hocutt were sent "deadhead" — that is, without *Page 139 
any charge by the defendant — as he bad been its operator at Washington, N.C.
The testimony tended to show. that the last telegram was (188) delivered by a colored woman for Mrs. Hocutt to the operator of defendant at its office in Washington, N.C. with the money to pay the cost of sending it, and a note from Mrs. Hocutt. The operator, thinking that Mr. Hocutt was at Wilson, N.C. and not at Greensboro, which turned out to be a mistake, returned the telegram and money to Mrs. Hocutt, with a message that Mr. Hocutt was in Wilson (presumably on the way to his home at Beaufort), and it would not be necessary to send the telegram. It was then about 12 o'clock. When the colored woman returned with the message Mrs. Hocutt went to a neighbor's house and inquired by telephone of the operator why he had not sent the telegram. In consequence of her conversation with him she then went to the Atlantic Coast Line Railway station and gave the telegram to D.C. Ross, about 12:30 o'clock, to be delivered to the operator of the defendant and sent to Greensboro. There was some delay by Ross in delivering the telegram, by reason of which it was not received by the plaintiff's husband until too late to take the train which left. Greensboro at 1:57 o'clock p.m. on that day, and he consequently did not reach his home until the next morning at 7 o'clock. The operator at Washington, N.C. W. F. Clark, testified that when he discovered his mistake as to the whereabouts of Hocutt he told Mrs. Hocutt in reply to her inquiry of him through the telephone, that if she would repeat the telegram to him he would send it to her husband, and that she refused to do so, saying at the time "that she was right and would not have him send it then." In her testimony this was not contradicted by Mrs. Hocutt, though it was not admitted by her to be true. There was other evidence, but it is not necessary to state it, because of the view taken by the Court of the case.
The issues submitted, with the answers thereto, were as follows:
1. Was the defendant guilty of negligence in respect to (189) forwarding the telegram from Mrs. Hocutt to E. J. Hocutt, dated 21 June, 1905? Answer: "Yes."
2. If so, did such negligence prevent the husband of plaintiff from reaching his home as early as he would otherwise have done? Answer: "Yes."
3. If so, what damages, if any, has plaintiff sustained? Answer: "Two thousand dollars."
Among other instructions to the jury, not material to be mentioned, the court gave substantially the following:
"1. If the jury find from the evidence that the plaintiff had reasonable grounds to abandon her effort to send the message through the agent, *Page 140 
Clark, on account of his negligence, and that his negligence caused her to request Ross to have the message sent for her, which resulted in delay and prevented her husband from reaching his home as soon as he otherwise would have reached it, you will answer the second issue `Yes,' even if Ross was delayed or was negligent, provided you find that his negligence was caused by reason of Clark negligently failing to send off the message when he ought to have done so, as then the negligence of Ross, if you find that he was dilatory or negligent, would not be chargeable to the plaintiff.
"2. The plaintiff, if entitled to recover at all, would only be entitled to recover for such mental anguish and physical suffering as were directly due to the delay of her husband in reaching her, on account of the negligence of the defendant in not sending the message off to the husband, and no other."
The defendant excepted to each of these instructions. Judgment was entered upon the verdict, and defendant appealed.
After stating the cause: When the agent of the defendant received the message, with the money to pay the charges of (190) transmission, and failed to send it, a wrong was committed to the plaintiff which gave her a cause of action and entitled her to recover at least nominal damages. It can make no difference whether it was a breach of contract or a tort. The defendant owed the plaintiff the duty to transmit the message to Mr. Hocutt at Greensboro, N.C. and there is nothing to show that it was in any way excused for the nonperformance of this duty. The operator, it is true, thought that Mr. Hocutt was at Wilson, as he supposed a message from that place had been sent by him that day and received at the defendant's office in Washington, N.C. but in this it turned out that he was mistaken. The telegram was from Greensboro, and when he received the message from Mrs. Hocutt addressed to her husband at Greensboro he could have referred to the other message then in his office and prevented the mistake which he committed, and the consequent delay, instead of returning the message and the money to the sender. We do not see why the operator returned the message and the money to Mrs. Hocutt. He could just as well have made the inquiry of her in regard to the whereabouts of her husband without doing so, and by note, as he did, and when she refused in the conversation over the telephone to give him the desired information, if she did so, his duty would have been fully discharged and the consequent damage to her prevented altogether by sending the message according to the address on its face when he received it from her. Mrs. Hocutt was *Page 141 
not bound to do more than she did when she caused a properly addressed message to be delivered to the defendant's operator and tendered the proper charges for transmission. The duty then devolved upon the defendant to send and deliver the message to the addressee, unless it had some legal excuse for not doing so, and none appears in this case. Sherrillv. Tel. Co., 116 N.C. 655; Gerock v. Tel. Co., 142 N.C. 22; samecase, ante, 1; Bartlett v. Tel. Co., 62 Me. 221; Kennon v. Tel. Co.,92 Ala. 399; Tel. Co. v. Aubrey, 61 Ark. 613. So far, the case (191) is with the plaintiff, and the first two issues were correctly answered in law, upon the controverted facts, and if there had been no evidence of substantial damages the plaintiff would be entitled to nominal damages, under the third issue. The rule has been stated thus: "Where a person has entered into a contract with another, by which the performance of some obligation is imposed upon or assumed by him, or where by common law or by statute some duty is imposed upon a person with reference to the rights of others, in case of a violation of such obligation or duty the aid of the courts may be invoked by a suit for damages, the object of such action being to enable the injured party, as far as is possible, to obtain compensation or satisfaction for the loss he has suffered by such violation. According as the facts of each case may require, damages, if awarded, may be nominal, actual, or exemplary. Nominal damages are a small or trivial sum awarded for a technical injury due to a violation or invasion of some legal right and as a consequence of which some damages must be awarded to determine the right. Thus, though no actual damage may result from a breach of the contract by a telegraph company in negligently failing to promptly deliver a message, yet nominal damages may be awarded. And as a general rule in such cases only nominal damages can be recovered, unless some substantial damage be shown, or unless the negligence of the company is the proximate cause of the damages sustained. Actual damages are those which are given as compensation to a person injured by the wrongful act of another, commensurate with the actual loss or injury sustained." 2 Joyce Electric Law, secs. 941, 942, 943.
When the plaintiff discovered that the agent had made a mistake, and that by his negligence she was about to suffer damage, the law imposed the duty upon her to use such care and diligence as a person of ordinary prudence under the circumstances would have used to prevent the threatened damage or to minimize it. The rule has been thus (192) stated and applied to cases of delayed telegrams: "The duty rests upon all persons for whose losses others may be liable to respond to take all reasonable measures to diminish the damages that may occur. This principle applies to all who may claim indemnity from others for *Page 142 
losses, either upon express contracts or for torts. So in cases where a person has been injured by the failure to deliver a telegraphic message or by an error in transmission thereof, and he stands in a position to suffer further loss in addition to that already incurred, he should exercise reasonable efforts to make the loss as light as possible, and there can be no recovery of damages for any loss which might have been averted by the exercise of such efforts." 2 Joyce Electric Law, sec. 972. He adds, in the same section, that if the injured party has exercised reasonable care to prevent the damage which would otherwise result, the mere fact that his efforts might have been more judicious will not enable the company to escape the consequences of its negligence.
This doctrine, that a party will not be permitted to recover damages which he could have averted by the exercise of ordinary care and diligence after he discovered the wrong, has been variously stated by the text-writers and the courts. In Hale on Damages, p. 64 et seq., it is said: "Compensation for a wrong is limited to such consequences as the injured party could not have avoided by reasonable diligence. All other consequences are regarded as remote. The rule is the same in cases of contract and cases of tort. The injured party's own negligence or willful fault in failing to take reasonable precautions to reduce the damage, after notice of defendant's wrong, is the proximate cause of such injuries. If the party entitled to the benefit of a contract can protect himself from a loss arising from a breach at a trifling expense or with reasonable exertions, he fails in social duty if he omits to do so, regardless of the increased amount of damages for which he may intend to hold the other contracting party liable. Qui non prohibet, cum prohibere
(193) possit, jubet. And he who has it in his power to prevent an injury to his neighbor and does not exercise it is often, in a moral if not a legal point of view, accountable for it. The law will not permit him to throw a loss resulting from a damage to himself upon another, arising from causes for which the latter may be responsible, which the party sustaining the damage might by common prudence have prevented. The party who is not chargeable with a violation of his contract should do the best he can in such cases, and for any unavoidable loss occasioned by the failure of the other he is justly entitled to a liberal and complete indemnity." So, in Sutherland on Damages, sec. 88, it is thus expressed: "The law imposes upon a party injured by another's breach of contract or tort the active duty of using all ordinary care and making all reasonable exertions to render the injury as light as possible. If by his negligence or willfulness he allows the damages to be unnecessarily enhanced, the increased loss, that which was avoidable by the performance of his duty, falls upon him. This is a practical obligation under a great variety of circumstances, and, as the damages which are *Page 143 
suffered by a failure to perform it are not recoverable, it is of much importance." This Court has recently held that a party can recover damages only to the extent they could not have been avoided or diminished by ordinary care and diligence on his part, and that for any loss incident to a failure in the use of such care or diligence no recovery can be had.Bowen v. King, 146 N.C. 385; R. R. v. Hardware Co., 143 N.C. 58. See, also, Baldwin v. Tel. Co., 45 N.Y. 753; Pepper v. Tel. Co., 87 Tenn. 571;Tel. Co. v. Reid, 83 Ga. 401. In the case last cited Bleckly, C.J., says that, after the discovery of the negligence and its probable consequences, "the authorities all hold that it is the duty of the injured party to exercise some degree of diligence in rendering the damage of a negligent act as little as practicable."
The question in our case is, Did the plaintiff exercise ordinary (194) care to prevent the probable damage to herself after she knew that Clark had been negligent? and not whether the negligence of her agent, Ross, if he was her agent, was induced by the prior negligence of Clark. If a person of ordinary prudence would have repeated the message to Clark over the telephone when he requested it to be done, if it be found as a fact by the jury that he did make the request, and Mrs. Hocutt failed to do so and was negligent in this respect, or if she constituted Ross her agent to deliver the message to Clark for the purpose of being transmitted by him to her husband, and Ross was negligent, and the jury find that either act of negligence was the proximate cause of the damage, or that if neither she nor her agent had been negligent, her husband would have received the telegram in time to have taken the train which left Greensboro at 1:57 p.m. and would have arrived at Washington as soon as he would have reached that place if the first message had been sent by Clark when received by him for transmission, then the damages would be only nominal. But if there was no such intervening act of negligence, and Clark's negligence, therefore, was the proximate cause of the damage, the plaintiff is entitled to recover whatever actual or substantial damages she suffered. If we should hold that the prior negligence of Clark could have the legal effect of excusing the subsequent negligence of Mrs. Hocutt or her agent, we would then ignore the rule as to the duty of the injured party, when informed of the negligence which caused the injury, to exercise care in avoiding its consequences, if, indeed, it would not nullify the rule, for the latter presupposes the existence of prior negligence. We think, therefore, that the first of the instructions set out in our statement of the case, notwithstanding the second instruction given by the court, was calculated to mislead the jury upon the question of damages, and for this reason a new trial is awarded, but it will be restricted to the third issue, as to damages.
Partial new trial. *Page 144 
 Cited: Owens v. R. R., post, 359; Woods v. Tel. Co., 148 N.C. 7;Hauser v. Tel. Co., 150 N.C. 558; Lanning v. Tel. Co., 155 N.C. 345;Barnes v. Tel. Co., 156 N.C. 153; Mullinax v. Tel. Co., ib., 552; Hardyv. Lumber Co., 160 N.C. 124; Hoaglin v. Tel. Co., 161 N.C. 398;Alexander v. Statesville, 165 N.C. 532; Smith v. Tel. Co., 167 N.C. 254;Watts v. Vanderbilt, ib., 567; Wilson v. Scarboro, 169 N.C. 657;Howard v. Tel. Co., 170 N.C. 496; Cotton Oil Co. v. Tel. Co., 141 N.C. 708.
(195)