JESSE EDWARDS v. INTERSTATE CHEMICAL COMPANY.

(Filed 9 December, 1914.)

**Negligence—Personal Injury—Warning of Danger—Proximate Cause.**

> While engaged with other employees in the defendant's chemical plant in cutting a channel through phosphate in a bin, and sloping its sides, the usual method for removing the phosphate, the plaintiff received the injury complained of by a piece of phosphate falling upon him, with evidence on defendant's part that the plaintiff was warned of the danger by its foreman in time to have avoided the injury had he obeyed. *Held*, error for the trial judge to instruct the jury upon the theory of plaintiff's want of the exercise of ordinary care being the proximate cause of the injury, for the plaintiff cannot recover if his failure to obey the warning was the proximate cause, and the defendant's special prayer for instruction to this effect was erroneously refused.

APPEAL by defendant from *Adams, J.,* at June Term, 1914, of MECK-LENBURG.

Civil action, tried upon issues of negligence, contributory negligence, assumption of risk, and damage. The jury found for the plaintiff upon each issue. From the judgment rendered, the defendant appealed.

*Duckworth & Smith and E. R. Preston for plaintiff.*
*J. M. Robinson and Osborne, Cocke & Robinson for defendant.*

BROWN, J. The evidence tends to prove that the plaintiff was working for the defendant in its phosphate bin, a large room containing phosphate.

On Friday evening the plaintiff and his fellow-workers began removing phosphate in the bin, the first work being to cut a channel through and slope back the sides. On Friday evening they cut the channel and sloped back the east side, that is, set it back like a railroad cut. On Saturday morning the plaintiff was sloping back the west side, when he was injured by a lump of phosphate falling upon him.

The defendant requested this instruction: "If you find from the evidence that immediately before the plaintiff's injury Jim Murdock was standing within a few feet of plaintiff; that Murdock then and there warned the plaintiff that the phosphate was about to fall, and told him to leave his rake behind and get out of the way of said phosphate; that if the plaintiff had heeded said warning he would have had time to escape the danger; and if you should further find that the plaintiff failed to heed the warning thus given him, if it was so given, and that such failure on his part was the proximate cause of the injury, it will then be your duty to answer the second issue 'Yes.'"

His Honor refused to give this charge, and changed it as follows: "Upon the second alleged cause of contributory negligence the court

charges that if you find that Murdock, who, it is contended by the defendant, was standing near the place at the time of the alleged injury, warned the plaintiff that the phosphate was about to fall, and called to him to get out of the way, and then by the exercise of ordinary care the plaintiff could have gotten out of the bin in time to prevent the injury, and that the plaintiff failed to exercise such care, and that his failure to exercise such care was the proximate cause of his injury, you will answer the second issue 'Yes.' "

It is admitted that Jim Murdock was the foreman, and, therefore, it was the plaintiff's duty to obey his instructions. There is unequivocal evidence upon the part of the defendant that Murdock was with the plaintiff and saw that the large lump of phosphate had been loosened and was about to fall. Murdock ordered and warned plaintiff to come out, saying that the "stuff is coming." This warning and order was repeated. There is evidence that the phosphate always gives two or three minutes warning before it falls, and that the plaintiff could have escaped injury had he obeyed Murdock's order instantly.

His Honor erred in the change made in the instruction. Defendant was entitled to the prayer as requested. The element of ordinary care and diligence does not enter into it. It was the plaintiff's duty to obey the order and to heed the warning at once. *Whitson v. Wrenn,* 134 N. C., 86.

By introducing the element of ordinary care and prudence, the court deprived the defendant of the benefit of the facts testified to by Murdock. *Hinson v. Tel. Co.,* 132 N. C., 460.

New trial.