WALKER, J., concurring; BROWN, J., dissenting.
This action is for damages for failure to deliver the following message which was handed by the plaintiff to the defendant's operator at Bryson *Page 570 
City, N.C. addressed to his son-in-law, John Edwards, Greenville, S.C.: "Your wife's mother dead. Come. Answer at once." This message was received by defendant's agent at Bryson City, 2:52 p.m., 24 March, 1913, and was delivered to a Negro named John Edwards at 4:10 the same afternoon.
When the message was handed to the agent the only address on it was "John Edwards, Greenville, South Carolina." The agent asked Howard if he could give him some better address, and Howard stated that (496) he could give him the street address but not the number of the residence. Howard and other witnesses say that he told the agent "East McBee Avenue at 111," and the agent testifies that Howard told him "East Avenue 113." The telegram was never delivered to the sendee, John Edwards, and neither he nor his wife had opportunity to attend the funeral.
About two hours afterwards Howard went back to the depot and inquired whether the message had been delivered, and asked the agent to ascertain, offering to pay, but the agent told him that he would find out free of charge. Later in the evening Howard again went to the agent, saying that he was afraid something was wrong, and wanted to send another telegram, but the agent told him that he had tried twice to get an answer to his service message, but could not get it. When Howard left Bryson City the agent promised him that if he heard anything before Martin's store was closed at Noland, near which place the plaintiff lived, he would phone Howard; but no message had been received when he arrived at Noland. When Howard reached home he looked up the address of John Edwards and sent his brother next morning to Bryson City to send another telegram. But on his brother reaching Noland, the agent had phoned that the message had been delivered at 4:10 on the evening before. Howard made no further effort to send a message to his daughter and son-in-law, but kept his wife's body until 5 p.m., 26 March, and then buried her.
The jury found that the defendant was guilty of negligence, but that the plaintiff was guilty of contributory negligence, and assessed the damages at $50.
The plaintiff excepts because the court submitted, over his objection, the following issue: "Did the plaintiff by his own negligence contribute to his injury, as alleged in the answer?"
There was no evidence which should have been submitted to the jury upon the issue of contributory negligence. In Hocutt v. Tel. Co., *Page 571 147 N.C. 190, where the plaintiff delivered a message to the defendant addressed "Greensboro, N.C." Associate Justice Walker, in speaking of the duty of the plaintiff in such case, uses this language: "Mrs. Hocutt was not bound to do more than she did when she caused a properly addressed message to be delivered to the defendant's operator and tendered the charges for transmission. The duty then devolved upon the defendant to send and deliver the message to the addressee unless it had some legal excuse for not doing so, and none appears in this case." Anything the plaintiff did further than that in this case was in trying to aid the defendant in the performance of its duty. From (497) the conversation which took place between the agent and the plaintiff, as testified to by DeHart, the agent knew that the plaintiff did not know the full address of Edwards.
The plaintiff was a white man, and yet the telegram was delivered to a Negro, and not at 113 East Avenue, much less on East McBee Avenue. The agent at Bryson City prevented the plaintiff sending a second message that same afternoon and also prevented him from sending a message with full street address by his brother the next morning when he phoned to Noland that the message had been delivered at 4:10 p.m. the day before. There was also evidence that John Edwards was at home in Greenville that afternoon; that he had lived in Greenville about two years working on buildings; that his address was filed at the post office; that he received his mail every day; that his parents lived in the same house with him; that his father was also well known in the town, and that if he had received the telegram he and his wife would have attended the funeral.
The court erred in refusing to permit the counsel to argue that the ruling in Cashion v. Tel. Co., 123 N.C. 267, applied to this case. Revisal, 216, provides that in jury trials counsel may argue the law as well as the facts to the jury. This is entirely distinct from the instances in which the court has refused to permit counsel to read the facts in one case as evidence in another. There were other errors, which we need not discuss, as they may not occur on another trial.
The defendant insists that we should disregard the error in submitting the issue of contributory negligence and affirm the verdict of $50. But to do so would ignore the fact that the finding on this issue, even if there was no other error, militated to reduce the amount of the damages.
We cannot be inadvertent to the fact, however, that the appellant in printing the transcript did not comply with Rule 29, which requires that the transcript on appeal shall be printed "in the same type and style and pages of the same size as the Reports of this Court." This requirement is because all printed briefs and records are bound for preservation in volumes of uniform size, and a failure to observe this rule is inconvenient. *Page 572 
By reason of this failure to observe the rule, the appellant will not be allowed to tax the cost of the transcript as a part of his cost in this Court. The Rules of the Court are only such as are necessary, and they must be observed.
For the errors stated there must be a
New trial.