ALICE L. BIGGS v. CUMBERLAND COUNTY HOSPITAL SYSTEM, INC.

No. 8312SC408

(Filed 3 July 1984)

1. **Physicians, Surgeons, and Allied Professions § 15.2— nurse's aide—qualification to testify as expert**

A witness was qualified to give opinion testimony as to the approved practices of nurse's aides in helping convalescing patients to take showers where the witness testified that she completed a nurse's aide training course and was certified as a nurse's aide; she had taken additional classes toward a higher certification; she had worked as a nurse's aide in a hospital for two and one-half years; she had observed the practices of nurse's aides while a patient in three different hospitals; and she knew the practices and standards of nurse's aides in eastern North Carolina with respect to assisting convalescing patients to take showers.

2. **Physicians, Surgeons, and Allied Professions § 21— medical malpractice action—statement of damages sought—jury argument as to greater damages**

In a medical malpractice action, defendant hospital was not entitled to a new trial because plaintiff's counsel, pursuant to a request from defense counsel under G.S. 1A-1, Rule 8(a)(2) for the amount of monetary relief sought, stated an amount of $75,000 and thereafter argued to the jury, without amending the statement, that the evidence showed plaintiff had been damaged in excess of $176,000.

APPEAL by defendant from *Brannon, Judge.* Judgment entered 11 November 1982 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 7 March 1984.

Plaintiff sued to recover damages for injuries allegedly resulting from defendant's neglect while she was a patient at Cape Fear Valley Hospital, which defendant owns and operates. Recuperating from back surgery, she fell and broke her wrist after taking a hot shower, in which she was assisted by Mary Avina, a nurse's aide employed by defendant. Two hot showers a day was part of her recovery therapy and in taking them she required the assistance of a nurse's aide. According to plaintiff's testimony the events leading to the injury were as follows: Ms. Avina helped her out of bed, across the hospital room, and into the adjoining bathroom and shower stall. After standing under the warm shower for several minutes and feeling weak, plaintiff called out for assistance several times, but there was no response. She then got out of the shower, looked into the hospital room, saw no one, and started into the room, but was startled by a

knock on the room door leading to the hallway, and stepped back onto the wet bathroom floor and fell. According to Ms. Avina's testimony, however, the incident happened as follows: She helped plaintiff into the shower, told her she was going to make up the bed, and after plaintiff completed her shower and asked for assistance she turned off the water, helped plaintiff out of the shower, and dried her off. While she was turning around to get plaintiff's gown out of the hospital room, there was a knock on the room door and when she turned back around plaintiff was on the floor. Following a jury trial verdict was rendered in plaintiff's favor for $50,000 and judgment entered thereon.

*Barrington, Jones, Armstrong & Flora, by Carl A. Barrington, Jr. and C. Bruce Armstrong, for plaintiff appellee.*

*Clark, Shaw, Clark & Bartelt, by John G. Shaw, for defendant appellant.*

PHILLIPS, Judge.

[1] Whether defendant's employee was negligent in failing to assist plaintiff after the shower bath was completed was the main issue in the case. In undertaking to prove the affirmative of that issue plaintiff was permitted, over defendant's objection, to present opinion testimony by Lillie Faircloth as to the approved practices of nurse's aides in helping convalescing patients that take shower baths. Defendant contends the witness was not qualified to testify as an expert in that field and that the court erred in permitting her to do so. We disagree. The witness's qualifying testimony with respect to her knowledge of the work, duties and practices of nurse's aides was that: She completed a nurse's aide training course at Sampson Memorial Hospital, in neighboring Sampson County; was certified as a nurse's assistant/nurse's aide; had taken additional classes toward higher certification; had worked as a nurse's aide at Sampson Memorial Hospital for approximately two and one-half years; had observed the practices of nurse's aides in Cape Fear Valley Hospital, North Carolina Memorial Hospital and a county hospital in Goldsboro while a patient in those hospitals; and knew the practices and standards of nurse's aides in eastern North Carolina with respect to assisting convalescing patients that take shower baths. This evidence clearly supports the judge's finding that the witness was qualified to

give opinion testimony in the field involved, which, under well established authority, requires that the ruling be affirmed. 1 Brandis N.C. Evidence § 133 (1982); *Hunt v. Wooten*, 238 N.C. 42, 76 S.E. 2d 326 (1953). Though the fields in which expert testimony can properly be received are innumerable, 1 Brandis N.C. Evidence § 134 (1982), and it was certainly appropriate for Ms. Faircloth to testify as an expert in this case, since she manifestly knew more about the functions and practices of nurse's aides than the jurors did, *Cogdill v. N.C. State Highway Commission*, 279 N.C. 313, 182 S.E. 2d 373 (1971), we do not want to be understood as holding that expert testimony was necessary in this case; because, for the reasons stated in discussing defendant's final assignment of error, we do not think it was.

[2]   In compliance with Rule 8(a)(2) of the N.C. Rules of Civil Procedure, plaintiff's complaint did not specify the amount of damages sought, other than that they were "in excess of $10,000.00." Pursuant to the same rule, before trial defendant requested plaintiff to state the amount of damages sought and plaintiff's reply was $75,000. During closing argument to the jury, plaintiff's attorney argued that the evidence presented showed that she had been damaged in excess of $176,000. Defendant did not object during argument, but did after its conclusion, and no amendment to plaintiff's damages request was made. Defendant contends that since the $75,000 response was not amended plaintiff was bound by it under Rule 8(a)(2) and the argument made necessarily entitles it to a new trial. Rule 8(a)(2) has no such effect, in our opinion, and this assignment of error is overruled.

Rule 8(a)(2) of the N.C. Rules of Civil Procedure provides in part:

> [I]n all professional malpractice actions, including actions against health care providers . . . wherein the matter in controversy exceeds the sum or value of ten thousand dollars ($10,000), the pleading shall not state the demand for monetary relief, but shall state that the relief demanded is for damages incurred or to be incurred in excess of ten thousand dollars ($10,000): Provided that at any time after service of claim for relief, any party may make request of claimant for written statement of the amount of monetary relief sought, and claimant shall, within 10 days after service of

such request, serve said statement upon the requesting party, provided that said statement shall not be filed with the court until the action has been called for trial or until entry of default is requested. Provided, any statement of "the amount of monetary relief sought" which is served on an opposing party may be amended in the manner and at the time provided by G.S. 1A-1, Rule 15.

In *Jones v. Boyce*, 60 N.C. App. 585, 587, 299 S.E. 2d 298, 300 (1983), another panel of this Court noted that:

The General Assembly enacted G.S. 1A-1, Rule 8(a)(2), in response to a perceived crisis in the area of professional liability insurance. A study commission thereon recommended "elimination of the ad damnum clause in professional malpractice cases [to] avoid adverse press attention prior to trial, and thus save reputations from the harm which can result from persons reading about huge malpractice suits and drawing their own conclusions based on the money demanded." *Report of the North Carolina Professional Liability Insurance Study Commission*, March 12, 1976, p. 33. Rather than eliminating the clause entirely, the Assembly chose to follow the Wisconsin approach in which "only a jurisdictional amount is named. . . ."

Manifestly, this part of Rule 8(a)(2) was enacted to reduce the believed impact of pre-trial publicity about medical malpractice cases, and for no other purpose. It has no bearing on the damages that a victim of medical negligence is entitled to recover, as the longstanding rule that damages in this state are governed by the evidence presented, rather than the claim made for relief, still abides except in cases of default. Rule 54(c), N.C. Rules of Civil Procedure; *Griggs v. Stoker Service Co.*, 229 N.C. 572, 50 S.E. 2d 914 (1948); *Harris v. Ashley*, 38 N.C. App. 494, 248 S.E. 2d 393 (1978); 10 Strong's N.C. Index 3d, *Pleadings* § 7 (1977). Nor does this provision curtail the rights that counsel in this state have long had to argue the facts in evidence and all reasonable inferences drawable therefrom. G.S. 84-14; *Weeks v. Holsclaw*, 306 N.C. 655, 295 S.E. 2d 596 (1982); *State v. Locklear*, 291 N.C. 598, 231 S.E. 2d 256 (1977); *Howard v. Western Union Telegraph Co.*, 170 N.C. 495, 87 S.E. 313 (1915). Defendant's further contention that the concluding part of the provision which permits damages

statements to "be amended in the manner and at the time provided by G.S. 1A-1, Rule 15" requires a new trial when a party argues for relief in excess of the amount stated without amending the statement is likewise without merit. To so construe the provision would subvert substance to form for no rational purpose and nothing in the enactment indicates that that was the Legislature's purpose. Furthermore, since the verdict was for less than the $75,000 that plaintiff stated she was seeking, the argument was harmless in any event.

Defendant's final contention that the evidence was insufficient to support the verdict is equally unavailing. Even in the absence of expert testimony as to the practices and standards of nurse's aides, evidence that because of her weakened condition plaintiff required assistance in taking the hot showers prescribed by her doctor, that defendant's employee knew this, and after assisting her into the shower was not available when plaintiff needed to leave it, raised an issue of fact for the jury. And in deciding it, the jury accepted plaintiff's version of the incident, rather than defendant's, which was their province and right.

No error.

Chief Judge VAUGHN and Judge HILL concur.